IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN INSTITUTE FOR INTERNATIONAL STEEL, INC., SIM-TEX, LP, and KURT ORBAN PARTNERS, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES and KEVIN K. MCALEENAN, Commissioner, United States Customs and Border Protection,<br><br>    Defendants. | Court No. 18-00152 |

## DEFENDANTS' ANSWER

For its answer to the complaint, defendants, the United States and Kevin K. McAleenan, Commissioner of U.S. Customs and Border Protection (CBP), admits, denies, and alleges as follows:

The allegations contained in plaintiffs' introductory paragraph preceding paragraph 1 constitute conclusions of law and plaintiffs' characterization of its case, to which no answer is required.

1. Admits the allegation contained in the seventh sentence of paragraph 1. Denies the remaining allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admit that the "United States of America is the entity to which the 25% tariff increases are being paid." The remainder of the allegations contained in paragraph 4 are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admit the allegations contained in the first two sentences of paragraph 5. The allegations contained in the third sentence of paragraph 5 consists of characterizations of plaintiffs' case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 of the complaint are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in paragraph 7 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies.

8. Admits the allegations as to Section 232(d)'s definition of "national security" to the extent supported by the statute cited, which is the best evidence of its contents; the remainder of the allegations contained in paragraph 8 are characterizations of plaintiffs' case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 of the complaint are legal conclusions and characterizations of plaintiffs' case for which no response is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 of the complaint are characterizations of plaintiffs' case and conclusion of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.


11. The allegations contained in paragraph 11 of the complaint are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 of the complaint are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 of the complaint are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in the first three sentences of paragraph 14. Admits the allegations contained in the fourth and fifth sentences of paragraph 14 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies.

15. Admits the allegations contained in paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies.

16. Admits the allegations contained in paragraph 16 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies.

17. Admits the allegations contained in paragraph 17 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies.

18. The allegations contained in the first two sentences of paragraph 18 of the complaint are characterizations of plaintiffs' case for which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the

third sentence of paragraph 18 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies.

19. Admits the allegations contained in paragraph 19 to the extent supported by the document, which is the best evidence of its contents; otherwise, denies.

20. Admits the allegations contained in paragraph 20 to the extent supported by the document, which is the best evidence of its contents; otherwise, denies.

21. Denies the allegations contained in the first clause of the first sentence of paragraph 21 because Proclamation 8579 is not the President's most recent proclamation. Avers that on August 29, 2018, the President issued Proclamation 9776, 83 Fed. Reg. 45,019 (Sept. 4, 2018). Admits the remaining allegations contained in paragraph 21 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies.

22. Denies the allegations contained in the first clause of the first sentence in paragraph 22 and avers that on August 10, 2018, the President issued Proclamation 9772, 83 Fed. Reg. 40,429 (Aug. 15, 2018) and on August 29, 2018, the President issued Proclamation 9777, 83 Fed. Reg. 45,025 (Sept. 4, 2018). Admits that the quotation of Secretary Ross contained in the second clause is an accurate quotation from the news article cited.

23. Admits that President Trump has adjusted imports of steel and aluminum articles using his Section 232 authority and further admits that on May 23, 2018, the Secretary of Commerce initiated an investigation into whether imports of automobiles, including SUVs, vans, light trucks, and automotive parts threaten to impair the national security; otherwise denies the allegations in the first sentence of paragraph 23 for lack of information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 23 of the

complaint are plaintiffs' characterization of the portion of the news article cited, to which no response is required.

24. The allegations in paragraph 24 of the complaint are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations in paragraph 25 of the complaint are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations in paragraph 26 of the complaint are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations in paragraph 27 of the complaint are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. Denies the allegations contained in paragraph 28 of the complaint for lack of knowledge or information sufficient to form a basis as to their truth.

29. Denies the allegations contained in paragraph 29 of the complaint for lack of knowledge or information sufficient to form a basis as to their truth.

30. Denies the allegations contained in the first sentence of paragraph 30 for lack of knowledge or information sufficient to form a basis as to their truth. The remainder of the allegations contained in paragraph 30 are characterizations of plaintiffs' case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 of the complaint are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 of the complaint are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 of the complaint are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 of the complaint are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 of the complaint are characterizations of plaintiffs' case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

36. Denies that plaintiffs are entitled to the relief requested in their prayer for relief or to any relief whatsoever.

37. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendants request that the Court enter judgment in their favor, order that the complaint be dismissed, and grant defendants such other and further relief as the Court may deem just and proper.

        JOSEPH H. HUNT
        Assistant Attorney General

        JEANNE E. DAVIDSON
        Director

        /s/Tara K. Hogan
        TARA K. HOGAN
        Assistant Director

        /s/Stephen C. Tosini
        STEPHEN C. TOSINI
        Senior Trial Counsel

        JOSHUA E. KURLAND
        Trial Attorney
        Department of Justice
        Civil Division
        Commercial Litigation Branch
        P.O. Box 480, Ben Franklin Station
        Washington, D.C. 20044
        Tel.:  (202) 616-2228
        Email: tara.hogan@usdoj.gov

September 14, 2018        Attorneys for Defendants